UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FREEDOM SMOKELESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV00771 AGF |
| | ) | |
| RAPID DEVELOPMENT SERVICES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 7) of Defendants Rapid Development Services, Inc. ("RDS"), Brigantine, Inc., Leon Gurevich, and John Hobson, to dismiss the complaint of Plaintiff Freedom Smokeless, Inc., or in the alternative for a more definite statement. For the reasons stated below, the motion will be denied.

## BACKGROUND

Plaintiff filed its action in this Court on May 14, 2015, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The complaint seeks damages of more than $34,154,567.50 due to an alleged breach of a contract between Plaintiff and RDS, and asserts state law claims for fraudulent inducement (Count I), intentional misrepresentation (Count II), negligent misrepresentation (Count III), conspiracy to defraud (Count IV), conspiracy to induce breach of contracts (Count V), breach of contract (Count VI), unjust enrichment (Count VII), breach of the covenant of good faith and fair dealing (Count VIII), and negligence (Count IX). Counts VI and IX are brought

only against RDS, while the remaining counts are brought against all Defendants.

On June 6, 2015, Defendants moved to dismiss the case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6),[1] arguing that Plaintiff is not the proper plaintiff for this action, that a forum selection clause in the relevant contract provides for exclusive venue in Missouri state courts, and that each Count of the complaint fails to state a claim upon which relief can be granted. Defendants quote the forum selection clause in the contract, which states in pertinent part: "The contract between the parties in [sic] made, governed by, and shall be construed in accordance with the laws of the State of Missouri, USA and venue in any judicial proceeding shall be in a State of Missouri court in St. Louis, St. Louis County, Missouri, USA." (Doc. No. 17 at 5.) Defendants argue that this clause requires the parties to try their dispute in state court, and that this Court should give effect to the parties' agreement by dismissing the case.

Regarding Defendants' assertion that Plaintiff is not a proper party to this action, Defendants dispute Plaintiff's assertion in the complaint that it was party to the contract with RDS. Plaintiff does not attach the contract to its complaint, but it discusses the contract and its damages from the alleged breach in the first person. *See* Doc. No. 1 at 2. Defendants claim that the contract was between RDS and Freedom Smokeless, LLC (the "LLC"), which they claim is a different entity than Plaintiff, Freedom Smokeless, Inc., and Defendants attach the signature page from the relevant contract as an exhibit to their motion to dismiss. (Doc. No. 8 at 2.) The signature page contains signatures of Freedom

---

[1] In their memorandum in support of the motion to dismiss, Defendants cite Federal Rule of Civil Procedure 12(b)(3) as an additional ground for enforcing the contract's alleged forum selection clause and dismissing this case. (Doc. No. 8 at 2.)

Smokeless, LLC's representatives and RDS' representative. *Id.* Defendants argue that, because Plaintiff is not the real party in interest with respect to the contract with RDS, the case should be dismissed.

Finally, Defendants argue that each count of the complaint fails to state a claim. Defendants claim that Counts I-III fail to state a claim because the complaint does not state with sufficient particularity, as required by Federal Rule of Civil Procedure 9(b), the circumstances constituting fraud or mistake. Defendants contend that Counts IV and V should be dismissed, as Missouri law does not recognize claims for "conspiracy to defraud" or "conspiracy to induce breach of contract." Defendants argue that Counts VI-IX of the complaint should be dismissed because they fail to allege each element necessary for the respective claim, and merely state conclusions of law. Alternatively, Defendants move for a more definite statement.

Plaintiff responded to Defendants' motion on June 19, 2015. Plaintiff first argues that the identity of the proper plaintiff is a factual issue, and suggests that there are internal agreements[2] between the companies "that provide that Plaintiff has the right to appear in and defend any action or proceeding which may affect its title or interest in the LLC's property and interest." (Doc. No. 12 at 2.)

Plaintiff next argues that the forum selection clause cited by Defendants does not designate exclusive venue to Missouri state courts. Plaintiff contends that the phrase "State of Missouri court" is a geographical limitation rather than a jurisdictional one, and

---

[2]  No such agreements are referenced in the complaint, and the complaint does not mention or discuss the LLC, or Plaintiff's relationship with the LLC.

that under a proper reading of the forum selection clause, this Court, which is also located in St. Louis, Missouri, is a proper venue for this suit.  To the extent that the Court interprets the clause to mean state court alone, Plaintiff argues that the forum selection provision is not mandatory.  Plaintiff notes the lack of words such as "must", "only", and "exclusive" show that the provision is permissive in nature.  Lastly, Plaintiff argues that the clause is unclear at best, and that as the clause was drafted by Defendants, under the controlling law any ambiguity should be construed against them.

Finally, Plaintiff argues that each count of the complaint contains sufficient allegations to state a claim against Defendants.  Plaintiff argues that Counts I-III contain multiple detailed factual allegations sufficient to support its allegations of fraud and mistake.  Plaintiff also argues that Counts IV and V state claims recognized under Missouri law.  Plaintiff cites *Hart v. Midkiff*, 213 S.W.2d 500, 509 (Mo. 1959) for the proposition that Missouri courts recognize the tort of conspiracy to defraud.  Plaintiff also states that conspiracy to induce breach of contract is an actionable claim in Missouri.  Plaintiff argues that Count VI contains allegations regarding each necessary element of a breach of contract claim, and there is no authority which requires Plaintiff to include a copy of the relevant contract or agreement as an exhibit to the complaint.  Plaintiff also argues that Count VII states a claim for unjust enrichment, in that it alleges that Plaintiff conferred a benefit of millions of dollars to RDS, RDS accepted that benefit and led Plaintiff to believe that it would produce the requested machines in exchange, and that RDS never produced these machines.  With respect to Count VIII, Plaintiff notes that Defendants' motion to dismiss never addresses this count outside of a heading, but

nevertheless, Plaintiff argues that Missouri recognizes good faith and fair dealing claims and that the complaint contains ample allegations showing that Defendants breached these implied duties. Plaintiff finally argues that Defendants' arguments regarding the Count IX negligence claim are misplaced, as the complaint contains multiple specific allegations of the duties Defendants owed to Plaintiff.

Plaintiff also contends that its complaint is not so vague or ambiguous as to necessitate a more definite statement under Rule 12(e). Defendants did not file a reply brief, and the time to do so has passed.

On July 17, 2015, the Court determined that it would benefit from further briefing from the parties on the issue of standing and who is the real party in interest, and issued a show cause order directing the parties to submit memoranda and evidence as appropriate. On July 30, 2015, Plaintiff filed its memorandum, in which it argued that it is the real party in interest, despite the fact that RDS' contract was with Freedom Smokeless, LLC, because Plaintiff has entered into an assignment agreement,[3] which states in pertinent part: "FREEDOM SMOKELESS, INC shall have the non exclusive right but not the obligation, to litigate or otherwise enforce all legal rights and remedies FREEDOM SMOKELESS, LLC may have now and in future against any party." (Doc. No. 16-1, at 1.) Plaintiff claims that this agreement gives it standing to bring this action and makes it "a real party in interest" in this matter. In the alternative, Plaintiff argues that, even if the

---

[3] Plaintiff attached a copy of the assignment agreement as an exhibit to its memorandum. (Doc. No. 16-1.) Plaintiff also attached a declaration, signed under penalty of perjury, detailing the intended effect of the assignment agreement, and stating that the LLC consents to being substituted as the plaintiff in the current action. (Doc. No. 16-2.)

Court finds that the LLC is the real party in interest, the proper remedy under Federal Rule of Civil Procedure 17 is not to dismiss the case, but to join or substitute the real party in interest in the action. Plaintiff asks the Court to substitute the LLC rather than dismiss the case should it so find.

On August 8, 2015, Defendants filed a joint response in opposition to Plaintiff's memorandum showing cause why the case should not be dismissed. Defendants argue that Plaintiff's assignment agreement is ineffective under Missouri law, in that it is non-exclusive and not a full assignment. Because the LLC retains the right to litigate, and because it is possible that other parties, such as creditors, have a similar assignment agreement with the LLC, Defendants argue that Plaintiff is not the real party in interest in this matter, and thus it lacks standing to sue Defendants. Defendants also contend that the Court should disregard the affidavit discussing the assignment which Plaintiff attached to its memorandum, because it was not taken under oath and is therefore inadmissible hearsay. Finally, Defendants reference the forum selection clause, described above, as an independent reason to dismiss Plaintiff's complaint.

## **DISCUSSION**

### **Real Party in Interest**

Pursuant to Federal Rule of Civil Procedure 17(a), an action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a). Moreover, standing is a "jurisdictional prerequisite," which must be resolved before reaching the merits of a suit. *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007); *see also Mecklenburg Farm v. Anheuser-Busch, Inc.*, 250 F.R.D. 414, 417 (E.D. Mo. 2008)

(distinguishing between the "related but not identical" concepts of real party in interest and standing, and finding that both concepts address a party's right to pursue an action, but that while standing is a jurisdictional limit, the real party in interest rule is a "prudential limitation" which bars litigants from suing in federal court to enforce the rights of third parties).

In a diversity action, real party in interest status is determined by state law. *See Mecklenburg Farm*, 250 F.R.D. at 418 n.3 (citing *Consul Gen. of Republic of Indonesia v. Bill's Rentals, Inc.*, 330 F.3d 1041, 1045 (8th Cir. 2003)). Missouri courts have held that a full assignment of a right of litigation causes the assignee to become the real party in interest for the purposes of maintaining civil litigation, but "only when the entire cause was assigned[;] conditional assignment does not divest all right or interest of assignor." *Skaggs Reg'l Med. Ctr. v. Powers*, 419 S.W.3d 920, 921 (Mo. Ct. App. 2014) (citation omitted).

Here, it appears that the assignment in question was non-exclusive and that the LLC retained the ability to litigate on its own behalf, sufficient to make it a real party in interest to this suit. As Plaintiff and the LLC have both consented to the LLC's substitution in this case, the Court need not decide whether it is the sole party in interest with respect to Plaintiff's claims. Therefore, the Court will order Plaintiff to file an appropriate motion substituting Freedom Smokeless, LLC as the plaintiff in this action, and to state the complete citizenship of the LLC.[4] *See* Fed. R. Civ. P. 17(a)(3) ("The

---

[4] The citizenship of an LLC for diversity purposes is the citizenship of all its members. *See GMAC Comm. Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828

court may not dismiss an action for failure to prosecute in the name of the real party in interest until . . . a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."). This case will then proceed as if it had been originally commenced by the LLC. *Id.*

**<u>Forum Selection Clause</u>**

As an initial matter, the Court finds that Defendants' reliance on Federal Rule of Civil Procedure 12(b)(3) to enforce the forum selection clause is improper. The Supreme Court recently made clear that motions to dismiss under Rule 12(b)(3) are only appropriate where a venue is "wrong" or "improper," which is only the case if the court in which the case was brought fails to satisfy the federal venue statute, 28 U.S.C. § 1391. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of TX.*, 134 S. Ct. 568, 577 (2013).[5] This statute provides, in relevant part, that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Assuming, for the purposes of Defendants' present motion, that the allegations in the complaint are true, all Defendants are citizens of Missouri, and both RDS and Brigantine, Inc. have their principal places of business in St. Louis, Missouri. Thus, this Court is a proper venue for Plaintiff's suit,

---

(8th Cir. 2004). Thus, the Court must know the citizenship of all members of the LLC to ensure that it will continue to have diversity jurisdiction following the substitution of the Plaintiff.

[5] The Supreme Court distinguishes between "venue," the propriety of which is controlled exclusively by federal statute, and "forum," the propriety which instead turns on convenience to the parties, public interest concerns, and any contractual agreements which the parties may have entered into. *See Atl. Marine Const. Co.*, 134 S. Ct. at 577-78.

"irrespective of any forum selection clause." *Atl. Marine Const. Co.*, 134 S. Ct. at 578.

The proper way to enforce a forum selection clause pointing to a state forum is through the doctrine of *forum non conveniens*, which courts evaluate under the same framework, set forth in 28 U.S.C. § 1404(a), that they would evaluate a forum selection clause pointing to a federal forum. *Id.* at 580. Thus, the Court will construe Defendants' motion to dismiss as one based on the doctrine of *forum non conveniens*. The Court must first determine whether the forum selection clause at issue is valid and enforceable, and whether it is unambiguous and mandatory in its terms. *See Kanza Const., Inc. v. Kansas City Southern Ry. Co.*, 13 F. Supp. 3d 985, 989 (W.D. Mo. 2014). After determining the effect of the forum selection clause, the Court will engage in balancing the convenience to the parties and various public interest considerations to determine whether dismissal is appropriate. *Id.*; *Atl. Marine Const. Co.*, 134 S. Ct. at 581.

1. <u>Whether the Forum Selection Clause is Unambiguously Mandatory</u>

Because no party has asserted that the contract at issue is invalid or unenforceable, the Court need only determine whether the forum selection clause itself is unambiguously mandatory.

Disputes regarding contract interpretation are generally controlled by state law. *See Larken, Inc. v. Wray*, 189 F.3d 729, 732-33 (8th Cir. 1999). To determine what state's law governs the interpretation of a contract, courts apply the choice-of-law rules of the forum state in which they sit; in this case, Missouri. *See Kanza Const., Inc.*, 13 F. Supp. 3d at 989. Missouri follows the choice-of-law rules of the Restatement (Second) Conflict of Laws, which requires courts to follow the law of the state chosen by the

parties to govern their contract. *Id.* (citing *Armstrong Bus. Servs., Inc. v. H & R Block*, 96 S.W.3d 867, 872 (Mo. Ct. App. 2002)). Therefore, the law of Missouri will control the interpretation of the forum selection clause, and determine whether it is unambiguous and mandatory.

In Missouri, "[a]n ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. 2010); *see also Daniels Express & Transfer Co. v. GMI Corp.*, 897 S.W.2d 90, 92 (Mo. Ct. App. 1995) ("The test for ambiguity is whether the disputed language is reasonably susceptible of more than one meaning when the words are given their plain meaning as understood by an average person."). Courts must construe an ambiguous provision against the party who drafted it. *See Tockstein v. Spoenman*, No. 4:07CV00020 ERW, 2007 WL 3352362, at *4 (E.D. Mo. 2007) (citations omitted).

Here, the Court finds that the forum selection clause is ambiguous as to whether it attempts to exclude federal courts as a proper forum. An average person, reading the plain words of the clause, could interpret "a State of Missouri court" two different ways. "State of Missouri" could be read, as Plaintiff suggests, as a geographical limitation, which is then further narrowed by the following language specifying "St. Louis, St. Louis County, Missouri, USA." Alternately, "State of Missouri court" could mean a state or municipal circuit court, which is in turn located in St. Louis, Missouri. The parties could easily have clarified this sentence by naming a particular court, or by stating that state and federal courts in St. Louis were both permissible. The parties could even have

written the clause to say "the courts of St. Louis County, Missouri," which courts have interpreted as specifying state court. *See Ingenium Techs. Corp. v. Beaver Aerospace & Defense, Inc.*, No. 14–14668, 2015 WL 4940347, at *2 (E.D. Mich. Aug. 18, 2015). However, the parties chose not to do so, and the Court cannot say that the language of the forum selection clause is sufficiently distinct and certain to enforce in this case.

Even were this Court to agree with Defendants and find that this clause unambiguously refers to Missouri state court, it is not clear that this selection was intended to be mandatory.[6] Though the clause states that "venue in any judicial proceeding shall be in a State of Missouri court," it does not include any other language denoting exclusivity, such as "solely," "only." Therefore, the Court cannot find that the forum selection clause is unambiguously mandatory. *See, e.g.*, *Dunne v. Libra*, 330 F.3d 1062, 1064 (8th Cir. 2003) (affirming a district court's finding that a forum selection clause was permissive rather than mandatory, where it lacked terms "'exclusive,' 'only,' 'must,' or any other terms that might suggest exclusivity"); *Midwest Public Auction v. Motorsports of Bowling Green, Inc.*, No. 1:12CV73 JAR, 2012 WL 5413902, at *4 (E.D. Mo. Nov. 6, 2012) (finding that a forum selection clause which stated that the appropriate venue "shall be Butler County, Missouri" only discussed where the parties agreed to

---

[6] The Court is aware that, where possible, it should avoid construing contractual language in a manner that would render it meaningless. However, such is not the case here. *See Dunne v. Libra*, 330 F.3d 1062, 1064 (8th Cir. 2003) (disagreeing that reading a forum selection clause as permissive would render it "surplusage," as it would still serve as a risk management tool "by providing a second, stronger basis for jurisdiction thereby minimizing the risk that anything more than a frivolous challenge to jurisdiction may arise" during litigation); *Tockstein v. Spoeneman*, No. 4:07CV00020 ERW, 2007 WL 3352362, at *4 n.2 (E.D. Mo. Nov. 7, 2007) (same).

jurisdiction and venue, and was not exclusive of federal courts located outside that county); *Davidson & Assoc., Inc. v. Internet Gateway, Inc.*, No. 4:02–CV–498–CAS, 2003 WL 23709467, at *1, 4 (E.D. Mo. Aug. 1, 2003) (finding a forum selection clause, which stated that any "legal proceeding . . . shall be commenced and maintained in any state or federal court located in the State of California," to be permissive, rather than mandatory).

2. *Forum Non Conveniens*

Because the forum selection clause is not unambiguously mandatory, the Court engages in the *forum non conveniens* analysis without giving added weight to the existence of the clause. *See Atl. Marine Const. Co.*, 134 S. Ct. at 581. A court evaluating a *forum non conveniens* motion without the weight of a mandatory forum selection clause may only dismiss a case when another forum would more appropriately or conveniently adjudicate the controversy. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981).

Here, Defendants have offered nothing other than the forum selection clause to show why proceeding in state court would be so much more appropriate or convenient that it warrants dismissal of the present suit. Giving weight to Plaintiff's choice to sue in federal court, the Court does not find that the interests of justice would be best served by dismissing this case. The Court will therefore deny Defendants' motion to dismiss on the ground of *forum non conveniens*.

**Failure to State a Claim**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, when accepted as true, states "a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Id.* The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.*; *Retro Television Network, Inc. v. Luken Comm'cns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

1. Counts I-III

Rule 9(b) provides that in alleging fraud a party must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), "the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts . . . . In other words, the complaint must identify the who, what, where, when, and how of the alleged fraud." *United States ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914, 917 (8th Cir. 2014). However, Rule 9(b) "was never meant to require a plaintiff to set forth every factual detail supporting its claim," and where a defendant is able to "mount a vigorous defense" at the motion to dismiss stage, the pleadings are sufficiently specific. *United States ex rel. Schell v. Bluebird Media, LLC*, No. 12–cv–04019, 2013 WL 3288005, at *3 (W.D. Mo. Jun. 28, 2013) (citations omitted); *see also United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006).

Here, the Court finds that Plaintiff has set forth, in sufficient detail, the facts and content of Defendants' allegedly fraudulent or misrepresenting statements. Plaintiff has

clearly alleged the approximate dates and contents of its communications with Defendants, which parties made the communications in question, and that the statements made by Defendants constituted fraud, or alternately, intentional or negligent[7] misrepresentations of the truth as they knew it. These allegations are sufficient to satisfy the heightened pleading standards of Rule 9(b), and the Court will therefore deny Defendants' motion to dismiss Counts I-III of the complaint.

2. Counts IV-V

Defendants' argument to dismiss Counts IV and V is that neither claim is recognized under Missouri law. Upon review, it appears that both of Plaintiff's claims, conspiracy to defraud and conspiracy to induce breach of contract, are indeed recognized by Missouri courts. *See Minor v. Terry*, No. ED 10113, 2014 WL 5462409, at *10 (Mo. Ct. App. 2014) (explaining conspiracy to defraud as a type of civil conspiracy in which parties agree to achieve a goal through the unlawful means of fraud); *Herrington v. Hall*, 624 S.W.2d 148, 154 (Mo. Ct. App. 1981) (discussing the proper measure of damages for the plaintiff's claim for "conspiracy to induce breach"). Defendants have failed to cite any authority in support of their assertion that Missouri does not recognize these claims,

---

[7] Though both parties discuss Plaintiff's Count III for negligent misrepresentation in terms of the heightened pleading standard of Rule 9(b), claims for negligent misrepresentation need only comply with Rule 8(a)'s general pleading requirement. *See Mounger Const., LLC v. Fibervision Cable Servs., LLC*, No. 211CV00081 ERW, 2012 WL 1745543, at *3 (E.D. Mo. May 16, 2012) (citing *In re NationsMart Corp. Secs. Litig.*, 130 F.3d 309, 319 (8th Cir. 1999)). However, as the Court finds that Count III would meet the heightened pleading standard of Rule 9(b), it necessarily meets the general standard of Rule 8(a) as well.

nor has the Court found any. Therefore, Defendants' motion to dismiss Counts IV-V for failure to state a claim will be denied.

3. Counts VI-IX

Defendants' argue that Count VI for breach of contract should be dismissed because it "merely states conclusions of law" and because Plaintiff has failed to attach the contractual agreements it alleges Defendants have breached. Defendants have failed to cite any authority for the proposition that Plaintiff must attach the contract to its complaint. Indeed, courts have found this to be unnecessary at this stage of the litigation, as long as the plaintiff's pleadings satisfy the elements of a breach of contract claim: the existence of a contract between the parties, the mutual obligations arising under its terms, that the defendant failed to meet its obligations, and that the plaintiff was thereby damaged. *See Gehrke v. Pinnacle Health Grp., LLC*, No. 13–4135–CV–C–FJG, 2013 WL 5890701, at *3 (W.D. Mo. Nov. 4, 2013) (denying a motion to dismiss and for a more definite statement in a breach of contract action, where the plaintiff failed to attach the contract to his complaint, but pled each necessary element of the claim under Missouri law); *cf. NEXTEP, LLC v. Kaba Benzing Am., Inc.*, No. 4:07CV1107 RWS, 2007 WL 4218977, at *3 (E.D. Mo. Nov. 29, 2007) ("The specific terms of the agreement, the identification, location, and medium of parties making representations, the particular details on how NEXTEP accepted Kaba's contract offer, and all of the other specific facts requested by Kaba are more properly issues to be explored in discovery."). Here, Plaintiff has specifically alleged that there was a contract between it and RDS, under which it paid RDS $1,596,390.00 to manufacture, deliver, and install two machines

before March 1, 2013.  (Doc. No. 1 at 27.)  Plaintiff further alleged that RDS failed to complete these machines, and that Plaintiff was thereby damaged.  *Id.*  Thus, Plaintiff has adequately pled each necessary element of a breach of contract claim, and it is unnecessary for Plaintiff to attach the full contract to its complaint.  The Court finds that Count VI contains sufficient factual allegations to survive a motion to dismiss.

Defendants argue, in a single sentence and without any supporting law, that Plaintiff's Count VII for unjust enrichment only states conclusions of law and fails to plead the necessary elements of the claim.  In Missouri, to plead unjust enrichment a plaintiff must allege "a benefit conferred by a plaintiff on a defendant; the defendant's appreciation of the fact of the benefit; and the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable."  *Hertz Corp. v. RAKS Hospitality, Inc.*, 196 S.W.3d 536, 543 (Mo. Ct. App. 2006).  The Court finds that Plaintiff's complaint meets each of these elements by alleging that Plaintiff paid Defendants, which Defendants accepted pursuant to a contract, and that Defendants failed to provide the agreed upon consideration in exchange.  Therefore, the Court will deny Defendants' motion to dismiss Count VII.[8]

Though Defendants list Count VIII, for breach of the covenant of good faith and fair dealing, in a heading of their motion to dismiss, it is not discussed whatsoever within

---

[8] The Court notes that in Missouri, if a plaintiff has entered into an express contract for the very subject matter for which he seeks recovery, unjust enrichment does not apply.  *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010).  However, construing the complaint liberally, Plaintiff's complaint states a claim for unjust enrichment in the alternative to its claim for breach of an express contract, which is allowable.  *See Howard v. Turnbull*, 258 S.W.3d 73, 76 (Mo. Ct. App. 2008); Fed. R. Civ. P. 8(d).  Therefore, at this stage the Court will not dismiss Count VII on this ground.

the body of their motion. See Doc. No. 8 at 5-6. Therefore, the Court will deny Defendants' motion to dismiss Count VIII without further addressing it.

Defendants argue that Count IX for negligence should be dismissed because Plaintiff fails to establish that Defendants owed a duty to it. However, the Court finds that Plaintiff alleged multiple duties owed to it by Defendants, including "to take meaningful and appropriate steps" to prepare themselves to manufacture the machines allegedly commissioned by Plaintiff. (Doc. No. 1 at 32-33.) Therefore, the Court will deny Defendants' motion to dismiss Count IX.[9]

**Motion for More Definite Statement**

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion for a more definite statement "must be made before filing a responsive pleading[.]" *Id.* "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). "[T]he only question is whether it is possible to frame a response to the pleading." *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013).

---

[9] As discussed with respect to unjust enrichment above, in Missouri, a plaintiff may not recover on claims for both negligence and breach of contract based on the same underlying facts, but may nonetheless plead them together as alternative theories of liability. *See Trident Grp., LLC v. Miss. Valley Roofing, Inc.*, 279 S.W.3d 192, 198 (Mo. Ct. App. 2009); Fed. R. Civ. P. 8(d). Thus, while Plaintiff may not recover under both Counts VI and IX, the Court will not dismiss either at this stage.

Here, Defendants have made no showing that the complaint was so vague and ambiguous that they were unable to reasonably prepare a response. Indeed, as discussed above, the complaint was pled with sufficient detail to maintain all of Plaintiff's claims at this stage of the litigation. This is supported by the fact that Defendants were able to prepare the present motion, which addresses the complaint and its arguments in a detailed fashion. Therefore, the Court will deny Defendants' motion for a more definite statement.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss, or in the alternative, for a more definite statement, is **DENIED**. (Doc. No. 7.)

**IT IS FURTHER ORDERED** that within **fourteen (14) days** from the date of this Order, Plaintiff shall file an appropriate motion substituting Freedom Smokeless, LLC as the plaintiff in this action. In that motion, Plaintiff shall disclose the complete citizenship of Freedom Smokeless, LLC for purposes of determining whether diversity jurisdiction will continue to exist.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2015.