UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FREEDOM SMOKELESS, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:15-CV-00771-AGF |
| RAPID DEVELOPMENT SERVICES, INC., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's[1] Motion to Vacate Clerk's Entry of Default Against Michael E. Lewis (Doc. No. 60). For the reasons set forth below, the motion will be granted.

Defendant and Third Party Plaintiff Rapid Development Services, Inc., ("RDS") filed a Third Party Petition against an individual identified as "Michael E. Lewis" ("Lewis") on November 4, 2015. RDS alleged Lewis was "President and a major shareholder of [Plaintiff]." (Doc. No. 46.) However, Plaintiff/Third Party Defendant Freedom Smokeless, LLC, ("Freedom") disputes that it is associated with anyone named Michael E. Lewis. Further, Freedom argues that the summons filed with RDS's

---

[1] The motion at issue purports to be asserted by Freedom Smokeless, Inc., an entity that was subsequently replaced by Freedom Smokeless, LLC, as Plaintiff in this matter. Because the motion was filed by the correct entity in the Court's electronic filing system, and the mention of Freedom Smokeless, Inc., as opposed to Freedom Smokeless, LLC, appears to have been a clerical error only, the Court will construe the motion as one filed by the proper Plaintiff/Third Party Defendant, and will disregard any argument that Freedom Smokeless, Inc., lacks standing, as a nonparty, to assert the motion.

Third Party Petition was defective with regard to Lewis because of inconsistencies in naming Lewis, whom it internally referred to as "Michael W. Smith." Freedom also argues that service was not properly effected against Lewis, and that Eric Wilkins, the process server, was not registered to serve process in Orange County, California, where service was allegedly completed. Finally, Freedom submits the affidavit of Shelli Lewis, the resident of 5 Castillo Del Mar, Capistrano Beach, California, 92624, the address noted in the return as the place of service, in which she asserts that no individual by the name of Michael E. Lewis has ever lived at her address.

RDS concedes that Lewis may have been misnamed in the summons, but argues that filings with the California Secretary of State establish that a "Michael W. Lewis" (note the differing middle initial) is associated with Freedom and lives at the Castillo Del Mar address. RDS argues that Freedom has not shown good cause for setting aside the entry of default. RDS also argues that Freedom does not have standing to challenge the service, because Freedom has asserted that it has no associations with Michael E. Lewis. Finally, RDS argues that Wilkins was a registered process server.

Federal Rule of Civil Procedure 4(e) states that an individual defendant may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to

> the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In turn, Missouri state law requires service to be made "[u]pon an individual . . . by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person *of the individual's family over the age of fifteen years*[.]" Missouri Supreme Court Rule 54.13(b)(1) (emphasis added). California law provides:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . *in the presence of a competent member of the household* or a person apparently in charge . . . *at least 18 years of age*, who shall be informed of the contents thereof[.]

Cal. Civ. Proc. Code § 415.20 (emphasis added). Weighing and evaluating affidavits is the accepted procedural method of dealing with motions challenging service of process. *LNV Corp. v. Robb*, 843 F. Supp. 2d 1002, 1005 (W.D. Mo. 2012).

Here, the process server's affidavit states that service was completed by leaving copies with or in the presence of a competent member of the household at 5 Castillo Del Mar, Capistrano Beach, California, 92624. However, the process server's summary of service acknowledges that he only saw a figure walk by the door, and could not

3

ascertain the person's gender or, presumably, the person's age or competency to receive service. Thus, Freedom argues that the affidavit and the summary of service contradict each other.

The Court agrees that proof of service was not sufficient, and that the entry of default should be vacated. The process server's testimony suggests that he did not actually have a conversation with the individual at the door. Thus, he could not have confirmed whether the individual was of competent or suitable age. Therefore, under federal law or the state law of either Missouri or California, the service was not sufficient.

RDS's contrary arguments are not persuasive. Presumably, Freedom does not deny an association with the individual RDS intended to serve (apparently, Michael W. Lewis), but instead denies an association only with the incorrectly named Michael E. Lewis. Therefore, Freedom's assertion that it does not share an association with the Third Party Defendant does not preclude it from challenging service, and RDS has suggested no other authority for such an argument. RDS's insistence that Wilkins is a registered process server and that Lewis resided at the Castillo Del Mar address are of no import if, as the Court has concluded, the service itself was insufficient.

Because the Clerk's entry of default will be vacated, the pending Motion for Default Judgment (Doc. No. 46) and Motion for Hearing to Set Damages on Default Judgment (Doc. No. 53) shall also be denied, without prejudice, as moot.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate Clerk's Entry of Default Against Michael E. Lewis (Doc. No. 60) is **GRANTED**.

**IT IS FURTHER ORDERED** that Third Party Plaintiff Rapid Development Services, Inc.'s Motion for Default Judgment (Doc. No. 46) is **DENIED** without prejudice as moot.

**IT IS FURTHER ORDERED** that Third Party Plaintiff Rapid Development Services, Inc.'s Motion for Hearing to Set Damages on Default Judgment (Doc. No. 53) is **DENIED** without prejudice as moot.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2016.